80   601
91   483

## 𝖂𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

STUART, PALMER & CO. V. HENDRICKS & ALS.

JUNE 25TH, 1885.

CHANCERY PRACTICE—*Report of Commissioner.*—The principle is well established, that when a question of fact is referred to a commissioner, depending upon the testimony of witnesses conflicting in their statements and differing in their recollection, the court must, of necessity, adopt his report, unless in a case of palpable error or mistake. *Bowers* v. *Bowers*, 29 Gratt. 697.

Appeal from decree of circuit court of Russell county, entered August 18, 1882, in the cause of W. A. Stuart, G. W. Palmer and Joseph Jacques, partners, in the name of Stuart, Palmer & Co., complainants, *against* A. L. Hendricks and als., defendants.

The bill was filed in the court below to enforce the lien of a judgment recovered by the plaintiffs, and amounting originally to the sum of $1400. The bill admits that various payments have been made on the judgment, but alleges that a balance of $500, or more, is yet due and unpaid. This allegation the answers deny; and upon the issue thus made, the cause was referred to a commissioner for inquiry and report. The commissioner reported a balance due by the defendants of $313.25, and along with his report he returned the evidence upon which it was based. The plaintiffs excepted to the report, but the exceptions were overruled, and a decree was entered in their favor for the balance ascertained by the commissioner. From this decree they obtained an appeal.

VOL. LXXX—76

*Routh & Stuart*, for the appellants.

*White & Buchanan*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The sole question is, whether the defendants are entitled to a credit of $500, which they claim to have paid in the spring or fall of 1878. Upon this point the evidence is conflicting, but preponderates on the side of the defendants. The principal debtor, J. J. Dickenson, testifies, that in a conversation with J. F. McElheney, the plaintiffs' attorney, in the spring or fall of 1878, the latter said to him: "Give me $500, and if on settlement it overpays the judgment, I will return you the excess;" and thereupon, he says he paid him $500, and took his receipt, which he has lost, and which he has been unable to find, though diligent search has been made for it. This receipt he thinks he showed to the defendant, J. H. Dickenson, and the latter testifies that his impression is, that among the receipts showed him was one for $500, paid on the plaintiffs' judgment. He also testifies, that on more than one occasion, McElheney assured him that the judgment had been settled. And the witness, W. H. Burns, testifies, that since the institution of the present suit, McElheney informed him that the judgment had been settled, or nearly so. On the other hand, McElheney testifies, that in his conversation with J. H. Dickenson, he did not mean to say that the judgment had been paid, but that he had agreed to look for payment to J. J. Dickenson. He also testifies, that he does not remember to have received from the latter a payment of $500 on the judgment, nor does he believe that any such payment was ever made. He gives a list of the credits, and their respective amounts to which he thinks the defendants are entitled, as disclosed by an examination of his books, but admits that one of his books is lost, and was probably destroyed by fire. He is positive, however, that he paid every dollar he received on the

judgment to one of the plaintiffs, W. A. Stuart; and the latter testifies, that he received from McElheney no such payment as that upon which the defendants rely. In this state of the proofs, the commissioner allowed the defendants the credit in question, and his action was confirmed by the decree complained of.

The case was thus materially strengthened for the defendants. For the principle is well established, as declared by this court in a recent case, that "when a question of fact is referred to a commissioner, depending upon the testimony of witnesses, conflicting in their statements and differing in their recollection, the court must, of necessity, adopt his report, unless in a case of palpable error or mistake." *Bowers' adm'r* v. *Bowers*, 29 Gratt. 697. And the reason is obvious: "The commissioner is confronted with the witnesses; he sees their deportment, their manner of testifying, their capacity for recalling past occurrences, whereas the court, which only sees the testimony on paper, is denied these tests of accuracy and fidelity." *Id.*; 2 Daniel's Chy. Pl. & Pr. 1299; Adams' Eq. (5th Amer. ed.), p. 726, note 2. The decree is affirmed.

DECREE AFFIRMED.